

**U.S. Department of Justice**

*United States Attorney*
*Southern District of West Virginia*

| | |
|---|---|
| *Robert C. Byrd United States Courthouse* | *Mailing Address* |
| *300 Virginia Street, East, Suite 4000* | *Post Office Box 1713* |
| *Charleston, WV 25301* | *Charleston, WV 25326-1713* |
| *Fax: (304) 347-5104* | *(304) 345-2200* |
| | *1-800-659-8726* |

SEP - 6 2011

TERESA L. DEPPNER, CLERK
U.S. District Court
Southern District of West Virginia

April 11, 2011

John Carr, Esquire
118 Capitol Street, Suite 401
Charleston, WV 25301

> Re:  United States v. Jamal Adil Makhlouf
>      Criminal No. 3:11-00074 (USDC SDWV)

Dear Mr. Carr:

This will confirm our conversations with regard to your client, Jamal Adil Makhlouf (hereinafter "Mr. Makhlouf"). As a result of these conversations, it is agreed by and between the United States and Mr. Makhlouf as follows:

1.  **PENDING CHARGES**. Mr. Makhlouf is charged in four counts of a Twenty-Four count indictment as follows:

    (a)  Count One charges Mr. Makhlouf with a violation of 18 U.S.C. § 371 (conspiracy to transport, receive, possess, purchase and sell contraband cigarettes); and

    (b)  Counts Two, Thirteen and Sixteen charge Mr. Makhlouf with violations of 18 U.S.C. § 2342(a) and 2 (aiding and abetting the transportation, receipt, possession and purchase of contraband cigarettes).

2.  **RESOLUTION OF CHARGES**. Mr. Makhlouf will plead guilty to Count One of said indictment, which charges him with a violation of 18 U.S.C. § 371. Following final disposition, the United States will move the Court to dismiss Counts Two, Thirteen and Sixteen in Criminal No. 3:11-00074 as to Mr. Makhlouf.

3.  **MAXIMUM POTENTIAL PENALTY**. The maximum penalty to which Mr. Makhlouf will be exposed by virtue of this guilty plea is as follows:

    (a)  Imprisonment for a period of 5 years;

    (b)  A fine of $250,000, or twice the gross pecuniary gain or

Defendant's
initials

John Carr, Esquire
April 11, 2011                          Re:   Jamal Adil Makhlouf
Page 2

            twice the gross pecuniary loss resulting from defendant's
conduct, whichever is greater;

(c)    A term of supervised release of 3 years;

(d)    A mandatory special assessment of $100 pursuant to 18
U.S.C. § 3013; and

(e)    An order of restitution pursuant to 18 U.S.C. §§ 3663 and
3664.

       4.   **SPECIAL ASSESSMENT.**   Prior to the entry of a plea
pursuant to this plea agreement, Mr. Makhlouf will tender a check
or money order to the Clerk of the United States District Court for
$100, which check or money order shall indicate on its face the
name of defendant and the case number.   The sum received by the
Clerk will be applied toward the special assessment imposed by the
Court at sentencing.   Mr. Makhlouf will obtain a receipt of payment
from the Clerk and will tender a copy of such receipt to the United
States, to be filed with the Court as an attachment to this plea
agreement.   If Mr. Makhlouf fails to provide proof of payment of
the special assessment prior to or at the plea proceeding, the
United States will have the right to void this plea agreement.   In
the event this plea agreement becomes void after payment of the
special assessment, such sum shall be promptly returned to Mr.
Makhlouf.

       5.   **PAYMENT OF MONETARY PENALTIES.**   Mr. Makhlouf agrees not
to object to the District Court ordering all monetary penalties
(including the special assessment, fine, court costs, and any
restitution) to be due and payable in full immediately and subject
to immediate enforcement by the United States.   So long as the
monetary penalties are ordered to be due and payable in full
immediately, Mr. Makhlouf further agrees not to object to the
District Court imposing any schedule of payments as merely a
minimum schedule of payments and not the only method, nor a
limitation on the methods, available to the United States to
enforce the judgment.

       6.   **COOPERATION.**   Mr. Makhlouf will be forthright and
truthful with this office and other law enforcement agencies with
regard to all inquiries made pursuant to this agreement, and will
give signed, sworn statements and grand jury and trial testimony
upon request of the United States.   In complying with this
provision, Mr. Makhlouf may have counsel present except when
appearing before a grand jury.

       7.   **USE IMMUNITY.**   Unless this agreement becomes void due to
a violation of any of its terms by Mr. Makhlouf, and except as

_____
Defendant's
initials

John Carr, Esquire
April 11, 2011                          Re:  Jamal Adil Makhlouf
Page 3

expressly provided for in stipulation of facts paragraph 9 below, nothing contained in any statement or testimony provided by Mr. Makhlouf pursuant to this agreement, or any evidence developed therefrom, will be used against Mr. Makhlouf, directly or indirectly, in any further criminal prosecutions or in determining the applicable guideline range under the Federal Sentencing Guidelines.

     8.    **LIMITATIONS ON IMMUNITY.**   Nothing contained in this agreement restricts the use of information obtained by the United States from an independent, legitimate source, separate and apart from any information and testimony provided pursuant to this agreement, in determining the applicable guideline range or in prosecuting Mr. Makhlouf for any violations of federal or state laws.   The United States reserves the right to prosecute Mr. Makhlouf for perjury or false statement if such a situation should occur pursuant to this agreement.

     9.    **STIPULATION OF FACTS AND WAIVER OF FED. R. EVID. 410.** The United States and Mr. Makhlouf stipulate and agree that the facts comprising the offenses of conviction and relevant conduct include the facts outlined in the "Stipulation of Facts," a copy of which is attached hereto as "Plea Agreement Exhibit A."

     Mr. Makhlouf agrees that if he withdraws from this agreement, or this agreement is voided as a result of a breach of its terms by Mr. Makhlouf, and he is subsequently tried on any of the charges in the indictment, the United States may use and introduce the Stipulation of Facts in the United States case-in-chief, in cross-examination of Mr. Makhlouf or of any of his witnesses, or in rebuttal of any testimony introduced by Mr. Makhlouf or on his behalf.   Mr. Makhlouf knowingly and voluntarily waives, see United States v. Mezzanatto, 513 U.S. 196 (1995), any right he has pursuant to Fed. R. Evid. 410 that would prohibit such use of the Stipulation of Facts.   If the Court does not accept the plea agreement through no fault of the defendant, or the Court declares the agreement void due to a breach of its terms by the United States, the Stipulation of Facts cannot be used by the United States.

     The United States and Mr. Makhlouf understand and acknowledge that the Court is not bound by the Stipulation of Facts and that if some or all of the Stipulation of Facts is not accepted by the Court, the parties will not have the right to withdraw from the plea agreement.

     10.   **AGREEMENT ON SENTENCING GUIDELINES.** Based on the foregoing Stipulation of Facts, the United States and Mr. Makhlouf agree that the following provisions of the United States Sentencing

Defendant's
initials

John Carr, Esquire
April 11, 2011                    Re:  Jamal Adil Makhlouf
Page 4

Guidelines apply to this case.

    <u>USSG §2E4.1 and 2T4.1</u>

    Tax loss $12,500 - $30,000

    Base offense level                                    12

    The United States and Mr. Makhlouf acknowledge and understand
that the Court and the Probation Office are not bound by the
parties' calculation of the United States Sentencing Guidelines set
forth above and that the parties shall not have the right to
withdraw from the plea agreement due to a disagreement with the
Court's calculation of the appropriate guideline range.

    11.  **WAIVER OF APPEAL AND COLLATERAL ATTACK.** The parties
reserve the right to appeal the District Court's determination of
the adjusted offense level, prior to consideration of acceptance of
responsibility, if the District Court's determination differs from
that stated in paragraph 10 above. Nonetheless, Mr. Makhlouf
knowingly and voluntarily waives his right to seek appellate review
of any sentence of imprisonment or fine imposed by the District
Court, or the manner in which the sentence was determined, on any
other ground whatsoever including any ground set forth in 18 U.S.C.
§ 3742, so long as that sentence of imprisonment or fine is below
or within the Sentencing Guideline range corresponding to offense
level 12.   The United States also waives its right to seek
appellate review of any sentence of imprisonment or fine imposed by
the District Court, or the manner in which the sentence was
determined, on any other ground whatsoever including any ground set
forth in 18 U.S.C. § 3742, so long as that sentence of imprisonment
or fine is within or above the Sentencing Guideline range
corresponding to offense level 10.

    Mr. Makhlouf also knowingly and voluntarily waives the right
to challenge his guilty plea and his conviction resulting from this
plea agreement, and any sentence imposed for the conviction, in any
collateral attack, including but not limited to a motion brought
under 28 U.S.C. § 2255.

    The waivers noted above shall not apply to a post-conviction
collateral attack or direct appeal based on a claim of ineffective
assistance of counsel.

    12.  **WAIVER OF FOIA AND PRIVACY RIGHT.** Mr. Makhlouf knowingly
and voluntarily waives all rights, whether asserted directly or by
a representative, to request or receive from any department or
agency of the United States any records pertaining to the
investigation or prosecution of this case, including without any

                                        Defendant's
                                        initials

John Carr, Esquire
April 11, 2011                          Re:   Jamal Adil Makhlouf
Page 6

Acknowledged and agreed to on behalf of the United States:

R. BOOTH GOODWIN II
United States Attorney

By:  *Charles T. Miller*

CHARLES T. MILLER
Assistant United States Attorney

CTM/smw

I hereby acknowledge by my initials at the bottom of each of the
foregoing pages and by my signature on the last page of this six-
page agreement that I have read and carefully discussed every part
of it with my attorney, that I understand the terms of this
agreement, and that I voluntarily agree to those terms and
conditions set forth in the agreement.  I further acknowledge that
my attorney has advised me of my rights, possible defenses, the
Sentencing Guideline provisions, and the consequences of entering
into this agreement, that no promises or inducements have been made
to me other than those in this agreement, and that no one has
threatened me or forced me in any way to enter into this agreement.
Finally, I am satisfied with the representation of my attorney in
this matter.

_____
JAMAL ADKIL MAKHLOUF
Defendant

_____
JOHN CARR
Counsel for Defendant

6 Sep 11
_____
Date Signed

6 Sep 11
_____
Date Signed

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON

UNITED STATES OF AMERICA

v.                                          CRIMINAL NO. 3:11-00074

JAMAL ADIL MAKHLOUF


## STIPULATION OF FACTS

The United States and Jamal Adil Makhlouf stipulate and agree that the facts comprising the offense of conviction (Count One in the Indictment in the Southern District of West Virginia, Criminal No. 3:11-00074) and relevant conduct, include the following:

Between August 2010, until December 2010, at or near Huntington, West Virginia and elsewhere, defendant Jamal Adil Makhlouf, Basim Ali Talouzi, Fodie Manda Koita, and Yahya Willia conspired to purchase and transport contraband cigarettes as defined in 18 U.S.C. § 2341.

In August 2010 defendant Jamal Adil Makhlouf arranged for the purchase and transport of approximately 120,000 contraband cigarettes from Huntington, West Virginia to Burbank, Illinois, knowing the cigarettes did not bear evidence of the payment of applicable state cigarette taxes in any jurisdiction.

On two occasions in December 2010, defendant Jamal Adil Makhlouf conspired with Basim Ali Talouzi, Fodie Manda Koita, and Yahya Willia to purchase approximately 468,000 contraband cigarettes in Huntington, West Virginia.

The state cigarette excise tax on a carton of cigarettes in West Virginia is $5.50. In the State of Illinois, the state cigarette excise tax is $9.80 per carton.

The parties agree that the total tax loss as a result of the offense of conviction and relevant conduct is $18,200.


**PLEA AGREEMENT EXHIBIT A**

This Stipulation of Facts does not contain each and every fact known to defendant Jamal Adil Makhlouf and to the United States concerning his involvement and the involvement of others in the charges set forth in the Indictment, and is set forth for the limited purpose of establishing a factual basis for the defendant's guilty plea and relevant conduct.

Stipulated and agreed to:


_____          Jul 26, 2011
JAMAL ADIL MAKHLOUF                          Date
Defendant


_____          6 Sep 11
JOHN CARR                                    Date
Counsel for Defendant


_____          9/6/2011
CHARLES T. MILLER                            Date
Assistant United States Attorney


**PLEA AGREEMENT EXHIBIT A**

2

```
Court Name: US District Court/SDWV:
Division: 3
Receipt Number: HUNT000599
Cashier ID: smcash
Transaction Date: 08/01/2011
Payer Name: Jamal Adil Makhlouf
----------------------------------------
CRIMINAL DEBT
 For: Jamal Adil Makhlouf
 Case/Party: D-WVS-3-11-CR-000074-004
 Amount:        $100.00
----------------------------------------
MONEY ORDER
 Check/Money Order Num: 18484316
 Amt Tendered:  $100.00
----------------------------------------
Total Due:       $100.00
Total Tendered:  $100.00
Change Amt:      $0.00



Only when bank clears the check,
money order, or verifies credit of
funds is the fee or debt officially
paid or discharged.  A 45 fee will
be charged for a returned check.
```